### RUSSELL *v.* PERRY.

A co-surety who has contributed his share to reimburse the advances of another co-surety, and has been by him discharged from further claim, has no interest in the event of a suit by the latter to recover contribution on like account against a third co-surety.

TRESPASS, for carrying away five tons of the plaintiff's hay, at Cabot, Vt.

It appeared that one Joseph Fisher recovered judgment on the first day of February 1840 against the plaintiff, before the defendant, who was then a justice of the peace for the county of Caledonia, Vt., and that the hay was attached by virtue of an execution issued on said judgment, and duly advertised and sold. It was admitted that the proceedings before the magistrate were regular, and the only question made at the trial was, whether the defendant was interested in the subject matter of that judgment and in the action generally at the time of trial, and the judgment therefore void.

It appeared that on April 14, 1832, the plaintiff and defendant, and said Fisher and several others, as co-sureties for one Daniel Smith, signed a bond to Silas Houghton, who then was sheriff of the said county of Caledonia, conditioned to hold the said Houghton harmless and indemnified against loss arising out of the defaults of said Smith, who was one of his deputies.

It appeared that Fisher paid a large sum of money as surety on said bond, for the default of said Smith, and in November 1835, all the sureties except the plaintiff, met and made an equal apportionment of the sums so paid by Fisher among all the sureties, including the plaintiff, and Fisher, by a verbal agreement, engaged that if the other sureties would pay to him their several shares, he would look to the plaintiff for his share, and that if he did not succeed in obtaining his share, he would

never call upon his other co-sureties on account of the plaintiff's share.

It appeared that the plaintiff then was, at the date of said judgment, and still is, solvent; and also that Smith was insolvent at the time of the apportionment and judgment.

Upon the foregoing facts, the court ruled and directed the jury that the defendant had no such interest in the subject matter of the judgment, and in the action generally, as would render the judgment void for want of jurisdiction.

A verdict was returned for the defendant, and the plaintiff excepted to the ruling.

*Perley & Bellows*, for the plaintiff.

*C. E. Thompson* and *Quincy*, for the defendant.

WOODS, J. The only question necessary to be examined in this case relates to the alleged interest of the defendant Perry in the cause in which, as a magistrate, he rendered judgment against the plaintiff. If the tendency of a judgment, fixing the plaintiff's liability to refund to Fisher the money he had disbursed beyond his portion as one of the sureties of Smith, had been to relieve the magistrate Perry of any part of his burden or liability, the affirmative of the question would readily be established. But it appears by the case that Perry had already paid his portion, and had been discharged of all further liability to Fisher, and it had especially been arranged that the failure of Fisher to collect any thing of Russell should not disturb the settlement that had already been made among the parties. The agreement was that Fisher should look to the plaintiff for his share, and if he did not succeed in obtaining that share, he should not call on the other sureties to supply the deficiency. The form and

reasonable construction of that agreement were such, as it seems to us, that it should make no difference to the parties to it whether the failure to obtain the share of Russell should be owing to his insolvency or his exemption from actual liability, for any cause, to contribute as surety with the others. All the co-sureties, excepting Russell, compounded the claim of Fisher against each of them severally by paying him a sum agreed on, which was not to be varied by any subsequent event.

We are therefore of the opinion that the magistrate had no interest in the cause, from the facts shown, that should have precluded him from acting as such. The verdict in the case seems therefore well founded; and there must be

*Judgment for the defendant upon the verdict.*